**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5315**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

SHADARRYL TURNER, a/k/a D, a/k/a Ditto, a/k/a Van Ditto,
a/k/a Shad,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (5:09-cr-00316-F-1)

Submitted:  October 26, 2011      Decided:  November 8, 2011

Before WILKINSON, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Clarke Speaks, THE SPEAKS LAW FIRM PC, Wilmington, North
Carolina, for Appellant.  Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shadarryl Turner pled guilty to conspiracy to commit credit card fraud, in violation of 18 U.S.C. § 1092(b)(2) (2006), and credit card fraud, in violation of 18 U.S.C. § 1092(a)(2),(5). The district court imposed a seventy-eight month variance sentence, fifteen months greater than the high end of the advisory Guidelines range. On appeal, Turner argues that the district court committed procedural error by denying counsel an opportunity to address the court before sentencing and substantive error by imposing a variance sentence. We affirm.

Appellate courts review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This court's review is for plain error because Turner neither argued for a lesser sentence nor objected to the court's failure to invite counsel to allocute. United States v. Lynn, 592 F.3d 572, 577-78, 580 (4th Cir. 2010). Turner must therefore demonstrate error that is plain and affects his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993).

"Before imposing sentence, the court must: (i) provide the defendant's attorney an opportunity to speak on the defendant's behalf." Fed. R. Crim. P. 32(i)(4)(A)(i). Although

2

the district court did not elicit remarks from counsel, it appears that Turner's counsel had ample opportunity to have alerted the court if he had any mitigating arguments to present. Additionally, even if we assume that the court erred in failing to elicit comment from counsel, Turner fails to show that the error affects his substantial rights, as he does not explain what arguments counsel could have offered in mitigation, or why they would have justified a lesser sentence. We thus conclude that Turner has not demonstrated plain error.

The substantive reasonableness inquiry requires the court to review "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) [2006] factors supported [the sentence] and justified a substantial deviation from the Guidelines range." Gall, 552 U.S. at 56. The court must take "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 346 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010). The court must also "give due deference to the district court's decision that the § 3553(a) factors . . . justify the extent of the variance." Id. (internal quotation marks omitted).

Turner's Criminal History Category was VI without consideration of his numerous uncounted convictions, and his

presentence report showed a continuous pattern of credit card fraud and identity theft. We conclude that the district court did not abuse its discretion in concluding that the nature of the offense, Turner's extensive criminal history, his continued criminal conduct even after his previous sentences, and his propensity to commit credit card fraud warranted an above-Guidelines sentence.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>